UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| IN RE: ) | | CHAPTER 11 |
| ) | | |
| ISAACSON STEEL, INC., ) | | 11-12415-JMD |
| ) | | |
| Debtor ) | | |
| ) | | |
| ) | | |

# PASSUMPSIC SAVINGS BANK'S MOTION TO PROHIBIT USE OF CASH COLLATERAL AND REQUEST FOR AN ACCOUNTING PURSUANT TO 11 U.S.C. § 363(c)(4)

Passumpsic Savings Bank ("Passumpsic") by and through its attorneys, Preti, Flaherty, Beliveau and Pachios, PLLP, respectfully submits the within Motion to Prohibit Use of Cash Collateral and Request for an Accounting Pursuant to 11 U.S.C. § 363(c)(4), and, in support hereof, represents as follows:

1. On or about June 22, 2011, Isaacson Steel, Inc. ("Debtor") filed this Chapter 11 Bankruptcy case.

2. Passumpsic is the holder of claims against the Debtor totaling approximately $13 million, which claims are secured by security interests in all assets of the Debtor, including equipment, inventory and accounts receivable and the proceeds thereof (the **"Collateral"**).

3. Upon information and belief, the Debtor has, since the filing date, used the proceeds of Passumpsic's Collateral in the form of inventory and accounts receivable, (the "Cash Collateral") to fund its' post-petition operations.

4. Passumpsic and the Debtor do not have an agreement for the use of Passumpsic's Cash Collateral.

5. Section 363 of the Bankruptcy Code governs a debtor's ability to use property of the estate. Section 363 (c)(2) permits a debtor to use, sell, or lease "Cash Collateral" under subsection (c)(1) only if either of two alternative circumstances exists:

    a. Each entity that has an interest in such Cash Collateral consents; or

    b. The Court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of the section.

11 U.S.C. §363(c)(2).

6. If a secured creditor does not consent to its Cash Collateral being used, the Court can authorize a debtor to use Cash Collateral under §363(c)(2)(B) if the Court determines that the debtor has provided "adequate protection" of a secured creditor's interest in the Cash Collateral. 11 U.S.C. §363(e).

7. Section 363(c)(4) provides that a debtor is required to segregate and account for any Cash Collateral in a debtor's possession, custody or control. In the absence of such authorization to use Cash Collateral, a debtor is responsible for maintaining the collateral for the protection of the secured creditor having an interest in it. 11 U.S.C. §363(c)(4).

8. The Debtor has failed to comply with unambiguous provisions of 11 U.S.C. §363(c)(4) by failing to obtain the consent of Passumpsic to use its Cash Collateral and/or by failing to request authority to do the same from the Court.

9. Accordingly, Passumpsic respectfully requests that the Court enter an Order immediately prohibiting the Debtor from using and/or depleting Passumpsic's Cash Collateral.

10. Pursuant to §363(c)(4) Passumpsic respectfully requests that this Court enter an Order requiring the Debtor to immediately provide Passumpsic with an accounting of the Debtor's use of Cash Collateral.

11. Moreover, Passumpsic respectfully requests that this Court provide Passumpsic with a replacement lien for any depletion and/or depreciation of its Cash Collateral that the requested accounting may reveal.

WHEREFORE, Passumpsic Savings Bank respectfully requests that the Court enter an Order:

A. Prohibiting the Debtor from using and/or depleting Passumpsic's Cash Collateral;

B. Requiring the Debtor to provide Passumpsic with an accounting of the Debtor's use of Passumpsic's Cash Collateral within seven days;

C. Providing a replacement lien to Passumpsic for any depletion and/or depreciation of its Cash Collateral that the accounting may reveal; and

D. Granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**PASSUMPSIC SAVINGS BANK**
**BY ITS ATTORNEYS**

Dated: June 28, 2011    By:\s\ Gregory A. Moffett
  Gregory A. Moffett (BNH 1998)
  Daniel P. Luker (BNH 1598)
  Preti Flaherty Beliveau & Pachios PLLP
  P.O. Box 1318
  Concord, NH 03302-1318
  (603) 410-1525

2468842.1

# CERTIFICATE OF SERVICE

      I, Gregory A. Moffett, Esquire, of Preti Flaherty Beliveau & Pachios PLLP, as counsel for **Passumpsic Savings Bank**, hereby certify that service of the within pleading was made through the Court's ECF system on those registered to receive ECF service in this proceeding.

Dated: <u>June 28, 2011</u>                              By:<u>\s\Gregory A. Moffett</u>
                                                               Gregory A. Moffett (BNH 1998)
                                                               Daniel P. Luker (BNH 1598)
                                                               Preti Flaherty Beliveau & Pachios PLLP
                                                               P.O. Box 1318
                                                               Concord, NH  03302-1318
                                                               (603) 410-1525