UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE: )<br>)<br>ISAACSON STEEL, INC., )<br>ISAACSON STRUCTURAL STEEL, INC. )<br>        Debtor )<br>) | Chapter 11<br><br>Case No. 11-12415-JMD<br>Case No. 11-12416-JMD<br>Jointly Administered<br><br>Hearing Date: July 19, 2011<br>Hearing Time: 9:00 a.m. |

## PASSUMPSIC SAVINGS BANK'S MOTION TO PROHIBIT ISAACSON STRUCTURAL STEEL, INC.'S CONTINUED USE OF CASH COLLATERAL

Passumpsic Savings Bank (the "Bank") by and through its attorneys, Preti, Flaherty, Beliveau and Pachios, PLLP, respectfully submits the within Motion to Prohibit Isaacson Structural Steel, Inc.'s Continued Use of Cash Collateral, and, in support hereof, represents as follows:

1. On or about June 22, 2011, Isaacson Structural Steel, Inc. ("Debtor") filed this Chapter 11 Bankruptcy case.

2. The Bank is, upon information and belief, the Debtor's largest creditor, holding approximately in excess of $13 million in claims, which are secured by priority liens on all of the Debtor's personal property assets, including furniture, fixtures, equipment, inventory, and accounts receivable (the "Bank Collateral").

3. On June 28, 2011, the Bank filed a Motion to Prohibit Use of Cash Collateral and Request for an Accounting Pursuant to 11 U.S.C. § 363(c)(4) (the "Motion to Prohibit"). The Bank's Motion to Prohibit sought an order prohibiting the Debtor from using the Bank Collateral, including but not limited to inventory and accounts receivable (the "Cash Collateral") to fund the Debtor's post-Petition operations, pending further Court order.

4. A July 5, 2011 hearing was scheduled on the Bank's Motion to Prohibit.

5. On or about June 28, 2011, the Debtor filed its Ex Parte, Emergency First Day Motion for Order Authorizing Use of Cash Collateral and Provision of Adequate Protection (the "Emergency Cash Collateral Motion").

6. On June 30, 2011, this Court held a hearing on Debtor's Emergency Cash Collateral Motion, following which the Court authorized the Debtor to use the Bank's Cash Collateral through July 5, 2011, pursuant to a budget submitted by the Debtor. The Debtor subsequently submitted, and the Court granted, an Interim Order on Debtor's Emergency Cash Collateral Motion (the "Interim Order").

7. On July 1, 2011, the parties, through counsel, agreed that then-pending July 5, 2011 hearing on the Bank's Motion to Prohibit should be continued to some date prior to July 15, 2011, as the Court's calendar permitted. Counsel agreed that, during the period from July 5, 2011 through July 15, 2011 (the "Continuation Period"), the Debtor would be permitted to use the Bank's Cash Collateral pursuant to the terms of the Interim Order in exchange for the Debtor's agreement to tender an additional, $20,000 adequate protection payment to the Bank. (See, Exhibit **A**, Email communications, dated July 1, 2011) Further, the parties agreed that, during the Continuation Period, the Debtor would use the Bank's Cash Collateral in accordance with a proposed budget provided by Debtor's counsel that day. (See, Exhibit **B**, Cash Flow Budget – 10 Business Days) Debtor's counsel agreed to notify the Court of the foregoing agreements and make the necessary arrangements to rescheduling the July 5th hearing. (See, Exhibit **A**.)

8. The Debtor, however, has not notified the Court of the parties' agreements regarding cash collateral usage, nor has the Debtor attempted to reschedule a hearing on the Bank's Motion to Prohibit, as agreed.

9. Pursuant to the parties' agreements, outlined above, the Debtor is not authorized to use the Bank's Cash Collateral after July 15, 2011 without further approval.

10. Although the parties have been working diligently to reach an agreement regarding the Debtor's further use of Cash Collateral, no such agreement has yet been reached. Accordingly, the Debtor does not have the Bank's permission to continue using the Bank's Cash Collateral after July 15, 2011.

WHEREFORE, Passumpsic Savings Bank respectfully requests that this Court:

A. Terminate the Debtor's continued use of the Bank's Cash Collateral, pending further orders from this Court.

B. Schedule the matter for hearing on July 19, 2011; and

C. Grant such further relief as may be just and proper.

Respectfully submitted,

**PASSUMPSIC SAVINGS BANK
BY ITS ATTORNEYS**

Dated: July 18, 2011      By:\s\ Joshua E. Menard
　　　　　　　　　　　　　　Gregory A. Moffett (BNH 1998)
　　　　　　　　　　　　　　Daniel P. Luker (BNH 1598)
　　　　　　　　　　　　　　Joshua E. Menard (BNH #06427)
　　　　　　　　　　　　　　Preti Flaherty Beliveau & Pachios PLLP
　　　　　　　　　　　　　　P.O. Box 1318
　　　　　　　　　　　　　　Concord, NH 03302-1318
　　　　　　　　　　　　　　(603) 410-1525

# CERTIFICATE OF SERVICE

      I, Joshua E. Menard, Esquire, of Preti Flaherty Beliveau & Pachios PLLP, as counsel for **Passumpsic Savings Bank**, hereby certify that service of the within pleading was made to Williams S. Gannon, Esquire and all parties registered to receive ECF service in this proceeding.

Dated: July 18, 2011                                 By: \s\Joshua E. Menard
                                                           Gregory A. Moffett (BNH 1998)
                                                           Daniel P. Luker (BNH 1598)
                                                           Joshua E. Menard (BNH #06427)
                                                           Preti Flaherty Beliveau & Pachios PLLP
                                                           P.O. Box 1318
                                                           Concord, NH 03302-1318
                                                           (603) 410-1525