## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

--------------------------------------------------------

In re:                                                    CHAPTER 11

Isaacson Steel, Inc.                                      Case No. 11-12415-JMD
Isaacson Structural Steel, Inc.                           Case No. 11-12416-JMD

        Debtors                                   Jointly Administered

--------------------------------------------------------

**DEBTORS' MOTION FOR ORDER GRANTING LEAVE TO MODIFY
FIRST AMENDED JOINT PLAN OF REORGANIZATION DATED SEPTEMBER 25, 2013
WITH THE ASSENT OF THE SETTLING PARTIES[1]**

**[Doc. No. 1183]**

The Debtors in Possession, **Isaacson Steel, Inc. and Isaacson Structural Steel, Inc.**

(collectively, the "Debtors") respectfully move this Court as follows:

### INTRODUCTION

1.      In this Motion, the Debtors seek leave to modify the First Amended Joint Plan of

Reorganization for Isaacson Steel, Inc. and Isaacson Structural Steel, Inc. [Doc. No. 1183]

dated September 29, 2013 (the "Plan" and the "Debtors") to ensure that the Plan conforms to

the so-called Global Settlement Agreement approved by this Court on September 25, 2013

[Doc. Nos. 1185 (Mem. Op.) and 1186 (Order)].  The Modifications clarify the ownership of the

Debtors's Chapter 5 Actions and the Net Estate Recoveries made on account thereof and the

standing of the Trustees of the Liquidating Trust to be created pursuant to the Plan to take title

to, prosecute, compromise and/or settle the Chapter 5 Actions and Other Actions before and

after the confirmation of the Plan.  Granting this Motion and confirming the Debtors' Modified

Plan and the Modified Trust will not change in any way (a) the classification of claims, (b) the

rights of the classes *inter se,* (c) the amount to be paid or the treatment of any claims in a class

or (c) the methodoloy or formula to be used in determining the amount to be paid any creditor

---

[1] The Debtors, the Official Committee of Unsecured Creditors, Passumpsic Savings Bank, the New
Hampshire Business Finance Authority and Turner Construction, Inc.

holding an allowed claim.

2.      This Motion is related to the Order on Debtor's Motion for Order Combining Hearing on Adequacy of Disclosure Statement and Confirmation of Plan of Reorganization [Doc. No. 1193] and in part to the United States Trustee's Motion to Reconsider Order Approving Global Settlement Agreement and Stipulation.  *[Doc. No. 1221]*.

3.      Attached hereto as Exhibit A is a black-lined draft of the provisions of the Plan and the Liquidating Trust Agreement (the "Trust") as they will be modified if this Motion is granted (the "Modified Plan" and "Modified Trust").

4.      No trustee has been appointed in these Cases.

5.      Accompanying this Motion is a proposed order granting the Debtors the relief requested herein (the "Order").

6.      The Official Committee of Unsecured Creditors and the other Settling Parties consent to the entry of the proposed Order.

7.      No creditor or party in interest has rejected the Plan or objected to the confirmation of the Plan although the United States Trustee may object to confirmation.

8.      The Debtors have served this Motion and the Modified Plan and Modified Trust on all creditors and other parties in interest as shown by the Certificate of Service and an Ex Parte Procedural Motion asking this Court to set October 28, 2013 as the date by which creditors and other parties in interest must file an objection to this Motion and serve a copy thereof on counsel to the Debtors.

**BASIS FOR REQUESTED RELIEF**

9.      Code Section 1127 gives proponents of plans of reorganization the right to modify plans of reorganization filed with bankruptcy courts before confirmation.  It reads, in pertinent part, as follows:

(a) the proponent of the plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan is modified fails to meet the requirements of sections 1122 and 1123 . . . .

(d) any holder of a claim or interest that has accepted or rejected a plan is deemed to have accepted or rejected, as the case may be, such plan is modified, unless within the time fixed by the court, such holder changes such holder's previous acceptance or rejection.

(f)(2) The plan, as modified, shall become the plan only after there has been disclosure under section 1125 as the Court may direct, notice and a hearing, and such modification is approved.

"If the Court finds . . . that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan." *F.R.B.P. 3019.*

10.     Most courts have concluded that Code § 1127(c) does not mandate the preparation of a new disclosure statement and resolicitation of the plan where the modification is not material. *NRTN-BLP § 111:2 and Legislative History and cases cited in fn. 11*.

11.     In this case, the Debtors proposes to modify the Plan and the Liquidating Trust Agreement (the "Trust") to conform those documents to the Global Settlement Agreement approved by this Court on September 25, 2013. [Doc. Nos. 1185 (Mem. Op.) and 1186 (Order)]. The stated purpose of the Plan is to "confirm and make binding on all creditors and parties in interest the agreements reached in the Global Settlement Agreement for the liquidation and distribution of the proceeds of the remaining assets of the estates. *Doc. No. 1183, Plan, Introduction.* Granting this Motion and confirming the Debtors' Modified Plan and the Modified Trust will not change in any way (a) the classification of claims, (b) the rights of the classes *inter se,* (c) the amount to be paid or the treatment of any claims in a class or (c) the methodoloy or formula to be used in determining the amount to be paid any creditor holding an allowed claim. As shown by the Modified Plan and Modified Trust, the substantive modification simply conform the Plan to the Global Settlement Agreement and clarify minor issues relating to

the implementation of the Plan.

**12.** The Proposed Modifications pertain to the mechanics of implementing the Plan.

**13.** The Modified Plan does not change in any way (a) the classification of claims, (b) the rights of the classes *inter se,* (c) the amount to be paid or the treatment of any claims in a class or (c) the methodology or formula to be used in determining the amount to be paid any creditor holding an allowed claim.

**14.** The Proposed Modifications do not change the post-confirmation privileges, remedies and rights of the Debtors, creditors and other parties in interest or their duties and obligations under the Plan ("Plan Rights" and "Plan Obligations").

**15.** The Proposed Modifications will not adversely change the treatment of the claim of any creditor or the interest of any equity security holder under the Plan as filed by the Debtors.

**16.** If modified as proposed by the Proponents, the Modified Plan will meet and satisfy the requirements of sections 1122 and 1123 of the Code.

**WHEREFORE**, the Debtors respectfully request this Court to grant the relief requested in this Motion by entering the proposed Order accompanying this Motion and grant further relief as may be necessary or appropriate.

<table>
<tr><td></td><td>Respectfully submitted</td></tr>
<tr><td>DATED:  October 18, 2013</td><td>/s/ William S. Gannon<br>William S. Gannon, Esq., BNH 01222 (NH)</td></tr>
<tr><td></td><td>**ISSAACSON STEEL, INC.**<br>**ISAACSON STRUCTURAL STEEL, INC.**</td></tr>
<tr><td></td><td>WILLIAM S. GANNON, PLLC<br>889 Elm Street, 4th Floor<br>Manchester, NH 03101<br>(603) 621-0833</td></tr>
</table>