UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | CHAPTER 11 |
| **Isaacson Steel, Inc.** | Case No. 11-12415-JMD |
| **Isaacson Structural Steel, Inc.** | Case No. 11-12416-JMD |
| **Debtors** | Jointly Administered |

### DEBTORS' OBJECTION TO UNITED STATES TRUSTEE'S MOTION TO RECONSIDER ORDER APPROVING GLOBAL SETTLEMENT AGREEMENT AND STIPULATION

**[Doc. No. 1221]**

The Debtors in Possession, **Isaacson Steel, Inc.** and **Isaacson Structural Steel, Inc.** (collectively, the "Debtors") respectfully object to the United States Trustee's Motion To Reconsider Order Approving Global Settlement Agreement And Stipulation ("this Objection," the "Motion" and the "Global Settlement Order" and/or "GSA Order"[1]) as follows:

### RESPONSE TO PRELIMINARY STATEMENT

Following the filing of the Motion, the Debtors filed their Motion for Order Granting Leave to Modify First Amended Joint Plan of Reorganization Dated September 25, 2013 [*Doc. No. 1225*] with the Assent of the Settling Parties (the "Plan Modification Motion" and "Modified Plan") primarily for the purpose of ensuring that (a) the Plan mirrors the Global Settlement Agreement or "GSA" and that (b) in the event of any conflict or apparent conflict between the GSA and the Plan, the Global Settlement Agreement will be the controlling document.  The Global Settlement Agreement transfers nothing more than the "Net Estate Recoveries" – the net proceeds of Chapter 5 and Other Actions – to the Isaacson Steel Liquidating Trust to be established pursuant to the GSA (the "Liquidating Trust").  The confirmation of the Modified Plan will moot

the procedural objections of the United States Trustee.  See Motion, ¶¶ 22, 28.  Finally, the Global Settlement Agreement and the Plan undeniably create the mechanism and methodology to be used by the Debtors and the Liquidating Trust to distribute a portion of the Net Estate Recoveries, including those made in Chapter 5 and Other Actions, and the net proceeds of the D&O Claims to creditors holding allowed claims.  Although the United States Trustee alleges a "manifest error of law," the Motion simply re-hashes the arguments made during the hearing on the approval of the Global Settlement.

## PROCEDURAL STATUS

**1.**    On October 18, 2013, the Debtors filed their Plan Modification Motion with the assent of the Settling Parties.  None of the Chapter 5 and Other Actions or the D&O Claims have been transferred to the Liquidating Trust or will be transferred to the Liquidating Trust prior to the confirmation of the Modified Plan.  The Modified Plan addresses the objections made by the United States Trustee in Article IV, Section A of the Motion and should resolve those objections to the satisfaction of the United States Trustee.  Further, confirmation of the Modified Plan moots the objections made by the United States Trustee in Article IV, Section B and C of the Motion.

## APPLICABLE LEGAL STANDARDS

**2.**    In the Motion, the United States Trustee alleges nothing more than that this Court committed a manifest error of law in approving the Global Settlement Agreement.  He does not claim to present "newly discovered evidence" or an "intervening change in the law."  In fact, the "GSA Order" [*Doc. No. 1179-1*] is not a final order because "any creditor or party in interest . . . may file a motion asking this Court to vacate this [GSA] Order" if "an order confirming a Chapter 11 plan for the Debtors does not enter on or before December 31, 2013."  Doc. No. 1179-1, ¶ I.

---

[1] Doc. No. 1179-1, Order on Joint Motion for Interim Protective Order and Final Order Approving Global Settlement Agreement, Doc. No. 1116.

**OBJECTION**

**F.R.B.P. 7059 and F.R.C.P. 59 Are Not Applicable to this Contested Matter.**

3.      In the Motion, the United States Trustee seems to seek relief "under Federal Rule of Civil Procedure 59(e) made applicable to these proceedings by Bankruptcy Rule 9024." These proceedings are a contested matter arising from the Debtors' request for approval of the Global Settlement Agreement (the "Contested Matter").  F.R.B.P. 9024 makes F.R.C.P. 60 applicable to this Contested Matter, but not F.R.C.P. 59.  Rule 9014 does not automatically make F.R.C.P. 59 applicable to contested matters.  Since this Court has not entered an order making F.R.C.P. applicable to this Contested Matter, this Court should deny the Motion because it has no basis in the Federal Rules of Bankruptcy Procedure.

**F.R.B.P. 59 and F.R.C.P. 59 Do Not Apply to Interlocutory Orders.**

4.      Even if F.R.B.P. 7059 was applicable to this Contested Matter, the Rule would not provide a basis for the Motion.  The Rule applies only to final orders.  In this case, the Global Settlement Order is interlocutory by its terms because the Court left creditors and other parties in interest with the right to ask this Court to revoke the Order if the Debtors fail to confirm a Chapter 11 Plan for the Debtors by December 31, 2013 documenting this Court's recognition of the interrelationship of the Global Settlement Order and a confirmed Plan of Reorganization built on the GSA (the "Confirmation Requirement Provision").

**This Court Should Not Exercise its Discretion to Reconsider the GSA Approval Order.**

5.      Motions for reconsideration before the entering of a final judgment rely "on the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires."  See, e.g., *In re Popa*, 214 B.R. 416, 420 (1st Cir. BAP 1997). The United States Trustee needs no relief now.  No Chapter 5 Actions have been assigned to the Liquidating Trust.  The Debtors embraced the confirmation process by (a) filing with this Court

and serving on all creditors and other parties in interest their Disclosure Statement and Plan of Reorganization dated September 18, 2013 before the continued hearing on the Global Settlement Motion, (b) including the Confirmation Requirement Provision in the GSA Approval Order, (c) filing with this Court and serving on all creditors and other parties in interest their a First Amended Disclosure Statement and Plan of Reorganization, and (d) filing with this Court and serving on all creditors and other parties in interest their Modified Plan.  If, after the confirmation of the Debtors' Modified Plan, the United States Trustee wishes to appeal the Order confirming the Modified Plan, he will be able to do so.  At this time, however, the Court should deny or hold in abeyance the Motion pending the results of the Confirmation Hearing scheduled for October 28, 2013.

### The Global Settlement Agreement Does Not Transfer the Debtors' Chapter 5 Actions.

6. Contrary to the allegation made by the United States Trustee, the GSA does not assign or transfer the Debtors' Chapter 5 Actions to the Liquidating Trust.  The Global Settlement Agreement, as approved by this Court, transfers to the Liquidating Trust the Net Estate Recoveries made on account of the Chapter 5 Actions to the Liquidating Trust.  The GSA left the Debtors with title to, and the responsibility for liquidating the Chapter 5 Actions as the United States Trustee believes to be required by the Code.  As shown by the record of this Case, the Debtors have filed and are prosecuting their Chapter 5 Actions.  Although the Modified Plan may result in the Chapter 5 Actions being assigned to the Liquidating Trust for the benefit of creditors as permitted by Code Section 1123(b), no such assignment may, or will, occur prior to confirmation.

### This Court and the Debtors Respected the Confirmation Process and the Objections of the United States Trustee.

7. In approving the Global Settlement Agreement, this Court exercised its authority judiciously.  It recognized the importance of the confirmation process, the voting power of the Settling Parties (other than the Debtors) and the harsh economic and litigation realities

confronting the Debtors. Even if the Global Settlement Agreement assigned the Chapter 5 Actions to the Liquidating Trust as alleged by the United States Trustee, the Trustees could prosecute the Chapter 5 Actions because (a) the Chapter 5 Actions were initially filed by the Debtors, (b) the Trustees would be pursuing the Actions for the benefit of all creditors and (c) the Trustees would be enforcing a plan of reorganization.  *In re Professional Investment Properties of America,* 955 F.2d 623, 625–26 (9th Cir.1992), *cert. denied,* 506 U.S. 818, 113 S.Ct. 63, 121 L.Ed.2d 31 (1992).

8. The Global Settlement Order requires the Debtors to confirm a plan for their reorganization on or before December 31, 2013.  In reserving for the United States Trustee, creditors (other than defendants) and other parties in interest the right to request this Court to vacate the Global Settlement Order, this Court ensured that (a) the Debtors would file and confirm a plan of reorganization through the confirmation process mandated by the Code, as modified by the order combining the hearing on the adequacy of the Disclosure Statement with the confirmation of the Modified Plan and that (b) any actions taken by the Debtors with respect to the Chapter 5 Actions would be conditional in nature and could be set aside.

9. The Debtors and the other Settling Parties themselves respected the confirmation process and the objections of the United States Trustee.  Neither Debtor has assigned or transferred the Chapter 5 Actions to the Liquidating Trust.  They have modified the Plan so that it addresses specifically and satisfactorily the Chapter 5 issues raised by the United States Trustee.  Any creditor or other party in interest (other than a Settling Party) may reject the Plan and object to its confirmation.  The Ballot and Objection Date will not pass until tomorrow, but only Amex, acting through collection counsel, has rejected the Plan to date.  As a result, the Debtors have more than enough votes to confirm the Plan.

10. In the Motion, the United States Trustee argues that this Court exceeded its power and authority by approving the Global Settlement Agreement because it "short circuited

the requirement of Chapter 11 for confirmation of a reorganization plan." *Motion, ¶ 25 at 11*. The Global Settlement Order requires the Debtors to confirm a Plan of Reorganization. It does not change or alter the confirmation process in any way. Creditors and other parties in interest retain their right to reject the Plan and object to its confirmation. Since creditors (other than defendants) may move to vacate the Order in the absence of confirmation, the retained rights are not hollow.

11. Finally, the Debtors heard the United States Trustee. The Debtors have modified the Plan to ensure that the Chapter 5 Actions are not lost if they are transferred to the Liquidating Trust following confirmation. As a result, this Court recognized the concerns of the United States Trustee while preserving the rights of the Debtors and the other Settling Parties to proceed in the context of the confirmation process and left creditors and other parties in interest with the right to oppose confirmation.

## CONCLUSION

12. For the foregoing reasons, this Court should deny the Motion of the United States Trustee or hold the Motion in abeyance pending the entry of an Order confirming or denying confirmation of the Debtors' Modified Plan.

|  |  |
|---|---|
|  | Respectfully submitted |
| DATED:  October 21, 2013 | /s/ William S. Gannon |
|  | William S. Gannon, Esq., BNH 01222 (NH) |

**ISSAACSON STEEL, INC.**
**ISAACSON STRUCTURAL STEEL, INC.**

WILLIAM S. GANNON, PLLC
889 Elm Street, 4th Floor
Manchester, NH 03101
(603) 621-0833

CERTIFICATE OF SERVICE

      I hereby certify that on this date I served the foregoing pleadings on each person named on the attached Service List(s) by causing it to be filed electronically via the CM/ECF filing system or mailed by first class United States Mail, postage prepaid or in such other manner as may be indicated.

Dated: October 21, 2013                    /s/ Beth E. Venuti
                                              Beth E. Venuti

## COMBINED APPEARANCES SERVICE LIST
### In Re: Isaacson Steel, Inc., Chapter 11, Case No. 11-12415-JMD
### In Re: Isaacson Structural Steel, Inc., Chapter 11, Case No. 11-12416-JMD

Ann Marie Dirsa – ECF
Geraldine Karonis - ECF
for U.S. Trustee

Joshua Menard – ECF
Dan Luker - ECF
For Passumpsic Savings Bank

Edward C. Dial, Jr. – ECF
For Ford Motor Credit

Daniel Sklar – ECF
Holly Kilibarda – ECF
For Creditors' Committee

David Azarian – ECF
For American Aerial Services

David Anderson – ECF
For Cate Street Capital

Christopher Allwarden – ECF
Honor Heath - ECF
For PSNH

Kristen Harris – ECF
Jonathan Starble - ECF
For Infra-Metals Co.

David Chenelle – ECF
For JM Coull, Inc.

Steven M. Notinger – ECF
For Steven Griffin

Joseph Foster – ECF
For The Eli L. Isaacson Family Trust
RB Capital, LLC;
Myron Bowling Auctioneers,
Hilco Industrial, LLC

James LaMontagne – ECF
Lisa Snow Wade - ECF
For Isaacson Steel, Inc.
Isaacson Structural Steel, Inc.

Lisa Snow Wade – ECF
for Orr and Reno, P.A.

Richard Levine – ECF
Cori Palmer - ECF
For Colby Company
John Moriarty & Associates, Inc.

John R. Harrington – ECF
For Wells Fargo Equipment Finance

D. Ethan Jeffrey - ECF
Charles R. Bennett – ECF
For Turner Construction

Stephen Sutton - ECF
For Turner Construction
Liberty Mutual Insurance Company

Matthew Johnson - ECF
For Northway Bank

Gina Fonte – ECF
For The Richmond Group

Peter Hermes – ECF
For John Moriarty & Assoc.

Mickey Long – ECF
For Prime Steel Erecting
Universal Steel Erectors, Inc.

George Marcus – ECF
For NH BFA

Rodney Stark – ECF
For D.J. Driscoll and Company

Lizabeth M. MacDonald - ECF
For City of Berlin

Mark Derby – ECF
For Presby Steel

David C. Green – ECF
For RBS Citizens

Kelly Ovitt Puc – ECF
Irvin Gordon - ECF
for Arnold P. Hanson, Jr.

Wanda Borges - ECF