UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | CHAPTER 11 |
| **Isaacson Steel, Inc.** | Case No. 11-12415-JMD |
| **Isaacson Structural Steel, Inc.** | Case No. 11-12416-JMD |
| **Debtors** | Jointly Administered |

**DEBTORS' REPLY TO
UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO MODIFY FIRST AMENDED JOINT PLAN OF REORGANIZATION DATED SEPTEMBER 25, 2013
<u>WITH ASSENT OF SETTLING PARTIES</u>**

**[Doc. No. 1243]**

The Debtors in Possession, **Isaacson Steel, Inc.** and **Isaacson Structural Steel, Inc.** (collectively, the "Debtors") respectfully reply to the United States Trustee's Objection to Debtors' Motion to Modify First Amended Joint Plan Of Reorganization Dated September 25, 2013 with Assent of Settling Parties (the "Objecting Party" and the "Objection") as follows:

**REPLY TO PRELIMINARY STATEMENT**

For some reason or reasons, the United States Trustee, whose office often claims to be the advocate for or protector of unsecured creditors, has relentlessly and vehemently opposed the Debtors' and Settling Parties' unstinting and selfless efforts to formulate and confirm a plan supported and accepted by creditors holding more than $15,000,000 in claims and rejected only by a credit card company holding a claim of less than $160,000, acting through counsel suggesting relatively little thought.  The Modified Plan filed by the Debtors after months of work offers non-insider creditors a realistic possibility of a dividend.  Judging from the pleadings, the United States Trustee believes that a Chapter 7 Trustee will produce a better result for creditors.

The Office of the United States Trustee prefers filing motions and objections to

discussing perceived problems with others in an effort to resolve them.  The Debtors and Passumpsic Savings Bank (the "Bank") tried repeatedly to discuss the issues raised by Mr. Harrington with the Assistant United States Trustee and delayed creating and funding the Liquidating Trust to give discussions a chance to bear fruit.  The Debtors, with the assent of the Settling Parties and at significant cost and expense, filed an Amended Plan and then modified the Amended Plan to address the United States' Trustee's concerns.  The United States Trustee seems to have admitted by implication that, as a matter of fact, the Debtors have effectively "self-correct[ed] " the deficiencies asserted by the U.S.T. in its earlier objection.  While the Plan consensus favored by the Code is most often built on discussions among the parties and counsel, such as those which have taken place with the Massachusetts Department of Revenue and will result in a mutually acceptable agreement based on the drafts of Stipulations exchanged by the parties, Code Section 1127 permits the Debtors to build "consensus" by modifying or self-correcting plans to address concerns expressed by creditors and other parties in interest even if they will not discuss them.

Finally, the United States Trustee seems to assert an absolute priority objection to the confirmation of the Plan.  The U.S.T. is not a creditor of the Debtors' estates.  As a result, the United States Trustee may not attempt to block confirmation on the basis of an absolute priority rule of objection.

**REPLY TO OBJECTIONS TO DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN**

**1.** The United States Trustee conceded that the deficiencies in the Disclosure Statement and Plan have been self-corrected by the Debtors and should not be permitted to re-argue them following its admission.

**2.** The Debtor expects to file the "Stipulation for Entry of Order Resolving Massachusetts Department Of Revenue's Objections To Confirmation Of Debtors' Second Amended Plan Of Reorganization, Dated September 25, 2013 as Modified October 18, 2013" in

the same or substantially the same form as that exchanged by Massachusetts Department of Revenue ("MDR") and the Debtors at approximately 4:30 PM on Friday night (the "MDR-Debtor-Turner Stipulation").  The Debtors will make a copy of the latest, draft Stipulation available to this Court and any other creditor or party in interest at the Confirmation Hearing with the oral consent of MDR.  Subject to approval by this Court as part of the confirmation process, the MDR-Debtor-Turner Stipulation will resolve the MDR Objections to the confirmation of the Modified Plan.

## REPLY TO APPLICABLE LEGAL STANDARDS

3.  The United States Trustee has quoted accurately Code Section 1129(a)(1).

4.  The United States Trustee has quoted accurately Code Section 1129(a)(1).  All Professionals holding administrative claims against the Debtor have agreed to be paid in accordance with the Global Settlement Agreement as shown by the fact that no Professional has filed an Objection to the Confirmation of any version of the Plan, including the Modified Plan.  Subject only to the approval of the MDR-Debtor-Turner Stipulation based on the Global Settlement Agreement, the MDR will be overruled by agreement.

5.  The United States Trustee has quoted accurately Code Section 1129(a)(9)(C). Following the approval of the MDR-Debtor-Turner Stipulation which includes an agreement regarding the quantification of, and methodology for the payment of the MDR Administrative and Priority Tax Claims, there will be no priority tax claims that will not be paid within the period of time required by the Code.

6.  The United States Trustee has quoted accurately Code Section 1129(a)(1). Absolute priority objections belong to creditors, who often choose not to assert them.  Creditors may and did in these Cases choose a flawed plan that pays or may pay a small dividend over a liquidation proceeding that may advance the perceived interest of some other party, but will pay them nothing.  No creditor has objected to the confirmation of any version of the Plan on an absolute priority basis, except for MDR.  The United States Trustee may not invoke Code

Section 1129(b)(2)(C)(ii) to override the acceptance of the Plan by all but one (1) minor creditor. Further, the United States Trustee has not offered any factual basis for this Court to conclude that an unnamed creditor in an unspecified class would receive more in a liquidation than under the Plan.

## ARGUMENT

7. The Debtors agree with the United States Trustee that Exhibit C lists claims held by the MDR and that the MDR Sales Tax Claims related to the Liberty Mutual project will be paid by Turner. The MDR-Debtor-Turner Stipulation provides for the payment of MDR Priority Claims by the Debtor and Turner in combination. In Section 2.2 of the Plan, it provides for the payment of other Priority Claims.

8. The statements made by the U.S.T. in this paragraph are inaccurate. The disputed claims asserted by the State of Maine ($2,834.29) and the State of Vermont ($707.87) will be paid to the extent allowed by this Court through and as provided for in the Global Settlement Agreement.

9. To the extent allowed by the Court, the claim of David Payeur will be treated as allowed by the Court.

10. The United States Trustee accurately quoted a sentence in the Disclosure Statement in isolation.

11. The U.S.T. accurately quoted a sentence in the Disclosure Statement in isolation.

12. As the United States Trustee would know if the A.U.S.T. consulted with counsel, Administrative and Priority Tax Claims will be paid by the Debtors in accordance with the MDR Stipulation, when signed by all necessary parties, or the Code.

13. Even if the United States Trustee wants to prevent creditors from being paid a dividend and override their acceptance of the Plan, the U.S.T. may not make an absolute priority

objection on behalf of a creditor.  *SPM* remains good law in the First Circuit.  Putting aside the discussion-ending fact that priority claims senior to unsecured claims will be paid as agreed by the Debtors and the holders of those claims, *SPM* stands for the proposition that senior creditors may take money out of their own pockets so that dividends may be paid to other junior classes.

**14.**  The Debtors' Exhibit C identifies the creditors that are in the Classes created by the Plan.  It does not allow or mandate the payment of any claim.  Under the Global Settlement Agreement, which is the controlling document, PSB, Turner, Griffin and his wife and Hanson and his wife, will not participate in the Unsecured Creditors Gift Pool.

**WHEREFORE**, the Debtors respectfully request this Court to deny the Objection and grant the Debtors such further relief as may be fair and equitable or lawful under the circumstances.

Respectfully submitted

DATED:  October 28, 2013          /s/ William S. Gannon
William S. Gannon, Esq., BNH 01222 (NH)

**ISSAACSON STEEL, INC.**
**ISAACSON STRUCTURAL STEEL, INC.**

WILLIAM S. GANNON, PLLC
889 Elm Street, 4th Floor
Manchester, NH 03101
(603) 621-0833

CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing pleadings on each person named on the attached Service List(s) by causing it to be filed electronically via the CM/ECF filing system or mailed by first class United States Mail, postage prepaid or in such other manner as may be indicated.

Dated: October 28, 2013          /s/ Mary Ann Joyce
Mary Ann Joyce

**COMBINED APPEARANCES SERVICE LIST**
**In Re: Isaacson Steel, Inc., Chapter 11, Case No. 11-12415-JMD**
**In Re: Isaacson Structural Steel, Inc., Chapter 11, Case No. 11-12416-JMD**

Ann Marie Dirsa – ECF
Geraldine Karonis - ECF
for U.S. Trustee

Joshua Menard – ECF
Dan Luker - ECF
For Passumpsic Savings Bank

Edward C. Dial, Jr. – ECF
For Ford Motor Credit

Daniel Sklar – ECF
Holly Kilibarda – ECF
For Creditors' Committee

David Azarian – ECF
For American Aerial Services

David Anderson – ECF
For Cate Street Capital

Christopher Allwarden – ECF
Honor Heath - ECF
For PSNH

Kristen Harris – ECF
Jonathan Starble - ECF
For Infra-Metals Co.

David Chenelle – ECF
For JM Coull, Inc.

Steven M. Notinger – ECF
For Steven Griffin

Joseph Foster – ECF
For The Eli L. Isaacson Family Trust
RB Capital, LLC;
Myron Bowling Auctioneers,
Hilco Industrial, LLC

James LaMontagne – ECF
Lisa Snow Wade - ECF
For Isaacson Steel, Inc.
Isaacson Structural Steel, Inc.

Lisa Snow Wade – ECF
for Orr and Reno, P.A.

Richard Levine – ECF
Cori Palmer - ECF
For Colby Company
John Moriarty & Associates, Inc.

John R. Harrington – ECF
For Wells Fargo Equipment Finance

D. Ethan Jeffrey - ECF
Charles R. Bennett – ECF
For Turner Construction

Stephen Sutton - ECF
For Turner Construction
Liberty Mutual Insurance Company

Matthew Johnson - ECF
For Northway Bank

Gina Fonte – ECF
For The Richmond Group

Peter Hermes – ECF
For John Moriarty & Assoc.

Mickey Long – ECF
For Prime Steel Erecting
Universal Steel Erectors, Inc.

George Marcus – ECF
For NH BFA

Rodney Stark – ECF
For D.J. Driscoll and Company

Lizabeth M. MacDonald - ECF
For City of Berlin

Mark Derby – ECF
For Presby Steel

David C. Green – ECF
For RBS Citizens

Kelly Ovitt Puc – ECF
Irvin Gordon - ECF
for Arnold P. Hanson, Jr.

Wanda Borges – ECF

Internal Revenue Service
Special Procedures Function
PO Box 9502
Portsmouth  NH  03802

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia PA 19101-7346

State of New Hampshire
Dept. of Employment Security
Attn: Arnold Rocklin-Weare
32 South Main Street
Concord, NH 03301