UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:                                              CHAPTER 11

**Isaacson Steel, Inc.**                            Case No. 11-12415-JMD
**Isaacson Structural Steel, Inc.**                 Case No. 11-12416-JMD

    **Debtors**                 Jointly Administered

**DEBTORS' MOTION FOR ORDER APPROVING CONFIRMATION ORDER**

The Debtors in Possession, **Isaacson Steel, Inc. and Isaacson Structural Steel, Inc.** (collectively, the "Debtors"), respectfully move this Court as follows:

**1.** On October 28, 2013, this Court held a combined hearing on the adequacy of the Debtors' First Amended Disclosure Statement (the "Disclosure Statement") and the confirmation of the Debtors' First Amended Joint Plan of Reorganization for Isaacson Steel, Inc. and Isaacson Structural Steel, Inc. dated September 25, 2013 as Modified October 18, 2013 (the "Plan").  [*Doc. Nos. 1184 and 1225, amending Doc. No. 1183*].

**2.** After hearing all of the objections to the adequacy of the Disclosure Statement and the confirmation of the Plan, this Court entered an Order [Doc. No. 1252] which, among other things, ordered the Debtors to "file with the Court a proposed Order approving the Disclosure Statement and a proposed confirmation order" ("Proposed Confirmation Order") on or before **November 6, 2013** and asked the Debtors to circulate the Proposed Confirmation Order to the attorneys who participated in the hearing.

**3.** The Debtors have submitted a proposed Order approving the Disclosure Statement which should be non-controversial.

**4.** During the hearing, this Court made clear its intention to vacate in whole or in part its Order on Joint Motion for Interim Protective Order and Final Order Approving Global

Settlement Agreement Filed by Debtors, Creditors' Committee, New Hampshire Business Finance Authority, Passumpsic Savings Bank and Turner Construction, Inc. [*Doc. No. 1186*] (the "Global Settlement Approval Order") if it confirmed the Plan to eliminate procedural issues.

5.  Counsel to the Debtors believe that this Court intends to enter its own Order vacating the Global Settlement Approval Order.  Other counsel who participated in the hearing have different views.  Accordingly, the Debtors prepared and will submit the two (2) slightly different Proposed Confirmation Orders accompanying this Motion, one of which includes a Paragraph 16(e) which vacates the Global Settlement Approval Order and one which does not address the issue.

6.  If this Court elects to issue a separate Order vacating the Global Settlement Approval Order in whole or in part, the Debtors ask this Court consider including text similar to that proposed in Paragraph 16(e) of the Proposed Confirmation Order.

7.  As directed by the Court, the Debtors circulated the Proposed Confirmation Order among counsel who participated in the hearing on two occasions.

WHEREFORE, the Debtors respectfully request this Court to enter one of the two Proposed Confirmation Orders and grant the Debtors such further relief as may prove to be fair and equitable or lawful.

Respectfully submitted,

DATED: November 6, 2013

/s/ William S. Gannon
William S. Gannon (BNH 01222)

**ISAACSON STEEL, INC.**
**ISAACSON STRUCTURAL STEEL, INC.**

WILLIAM S. GANNON, PLLC
889 Elm Street, 4th Floor
Manchester NH 03101
PH: 603-621-0833
bgannon@gannonlawfirm.com

CERTIFICATE OF SERVICE

      I hereby certify that on this date I served the foregoing pleading has been served on the following parties in interest by first class U.S. Mail or via the Court's CM/ECF system or in such other manner as may be indicated:

      See attached Service List(s).

DATED:  November 6, 2013                  /s/ Beth E. Venuti
                                                Beth E. Venuti

**COMBINED APPEARANCES SERVICE LIST**
In Re: Isaacson Steel, Inc., Chapter 11, Case No. 11-12415-JMD
In Re: Isaacson Structural Steel, Inc., Chapter 11, Case No. 11-12416-JMD

Ann Marie Dirsa – ECF
Geraldine Karonis - ECF
for U.S. Trustee

Joshua Menard – ECF
Dan Luker - ECF
For Passumpsic Savings Bank

Edward C. Dial, Jr. – ECF
For Ford Motor Credit

Daniel Sklar – ECF
Holly Kilibarda – ECF
For Creditors' Committee

David Azarian – ECF
For American Aerial Services

David Anderson – ECF
For Cate Street Capital

Christopher Allwarden – ECF
Honor Heath - ECF
For PSNH

Kristen Harris – ECF
Jonathan Starble - ECF
For Infra-Metals Co.

David Chenelle – ECF
For JM Coull, Inc.

Steven M. Notinger – ECF
For Steven Griffin

Joseph Foster – ECF
For The Eli L. Isaacson Family Trust
RB Capital, LLC;
Myron Bowling Auctioneers,
Hilco Industrial, LLC

James LaMontagne – ECF
Lisa Snow Wade - ECF
For Isaacson Steel, Inc.
Isaacson Structural Steel, Inc.

Lisa Snow Wade – ECF
for Orr and Reno, P.A.

Richard Levine – ECF
Cori Palmer - ECF
For Colby Company

John Moriarty & Associates, Inc.

John R. Harrington – ECF
For Wells Fargo Equipment Finance

D. Ethan Jeffrey - ECF
Charles R. Bennett – ECF
For Turner Construction

Stephen Sutton - ECF
For Turner Construction
Liberty Mutual Insurance Company

Matthew Johnson - ECF
For Northway Bank

Gina Fonte – ECF
For The Richmond Group

Peter Hermes – ECF
For John Moriarty & Assoc.

Mickey Long – ECF
For Prime Steel Erecting
Universal Steel Erectors, Inc.

George Marcus – ECF
For NH BFA

Rodney Stark – ECF
For D.J. Driscoll and Company

Lizabeth M. MacDonald - ECF
For City of Berlin

Mark Derby – ECF
For Presby Steel

David C. Green – ECF
For RBS Citizens

Kelly Ovitt Puc – ECF
Irvin Gordon - ECF
for Arnold P. Hanson, Jr.

Wanda Borges – ECF

Internal Revenue Service
Special Procedures Function
PO Box 9502
Portsmouth  NH  03802

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia PA 19101-7346

State of New Hampshire
Dept. of Employment Security

Attn: Arnold Rocklin-Weare
32 South Main Street
Concord, NH 03301